[Civ. No. 4675. First Appellate District, Division Two.—March 6, 1924.]

## GEORGE T. HARLOW, Appellant, v. CHARLES M. SILVERIA et al., Respondents.

[1] CONTRACTS — SALE OF MINING STOCK — CONSTRUCTION OF AGREEMENT—EVIDENCE—FINDING—APPEAL.—In this action to recover the balance due upon the purchase price of certain mining stock, the trial court having found, in accordance with the express language of the contract between the parties, that plaintiff had agreed to sell to defendants all the capital stock of a certain corporation, amounting to a specified number of shares, and not merely whatever rights or interests plaintiff had in the same after they had been sold by the sheriff at public auction in satisfaction of a judgment against plaintiff, such finding was conclusive on appeal.

[2] ID.—TIME OF PERFORMANCE—EXTENSION—EVIDENCE.—In such action, the trial court having found from the evidence that plaintiff did not, within thirty or sixty days from the date of the contract, nor up to the time of the bringing of the action, perform or offer to perform his part of the contract, plaintiff was not prejudiced by the action of the trial court in excluding certain evidence, the effect of which would have tended to show that the time within which plaintiff might perform was extended from thirty to sixty days.

(1) 4 C. J., p. 876, sec. 2853.   (2) 4 C. J., p. 1020, sec. 3004.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. F. Cowan for Appellant.

Russell P. Tyler and Carl Barnard for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment in favor of the defendants Edward L. Shadboldt and Addie Offutt, individually, and as special administratrix of the estate of John Offutt, deceased, in an action brought to recover $14,990, the balance due upon the purchase price of certain mining stock alleged to have been purchased by the defendants from the plaintiff. Plaintiff also asked for

$2,600 alleged to have been expended by him upon the mining property in controversy at the request and for the benefit of defendants under the terms of the contract between him and the defendants for the purchase and sale of said stock.

The defendants Charles M. Silveria and Edwin D. Casterline were never served with process and did not appear in the action. Subsequent to the commencement of the action, the defendant John Offutt died and thereafter the defendant Addie Offutt was duly appointed as special administratrix of the estate of John Offutt, deceased, for the purpose of representing said estate in the said action, and said Addie Offutt, as such special administratrix, was substituted as and for the defendant John Offutt in this action.

The plaintiff and the defendants entered into a written contract by which the plaintiff, through his attorney in fact, agreed to sell to the defendants, for the sum of $15,000, all the capital stock of the Alaska Gold Dredging and Improvement Company owned by plaintiff, amounting to 480,000 shares, together with all claims or liens which said Harlow might have against said company. It was further provided that the purchase price should be paid as follows: $10 cash upon the execution of the agreement and $14,990 within thirty days. The following clause then appears: "And the said party of the first part (plaintiff) further agrees that he will furnish to the parties of the second part (defendants) an abstract of title to the property owned by said Alaska Gold Dredging and Improvement Co. as originally deeded to it by the Houston Hydraulic and Dredging Company, on or before the expiration of said thirty days, which said abstract of title shall show title in the said Alaska Gold Dredging and Improvement Company, free and clear of all incumbrances whatsoever on said date."

There are further provisions in the agreement as to the delivery of the seal, stock books, and records of the company by the plaintiff to the defendants and an agreement that the defendants, upon the fulfillment of the obligations of the plaintiff under the contract, would fully satisfy and discharge a certain money judgment theretofore entered in favor of defendant Addie Offutt and against the plaintiff.

The complaint sets out this contract, alleges plaintiff's offer of performance of the same, and that the defendants failed and refused to meet their obligations thereunder, and

asks for a judgment for $14,990, the balance due upon the
purchase price of the stock and also for $2,600, alleged to
have been expended under the contract for the benefit of
defendants upon assessment work upon the property re-
quired by law.    The answers denied that the plaintiff offered
to deliver the stock or the abstract contemplated by the con-
tract and alleged that the plaintiff refused ever since the
execution of the said contract and still refused to deliver to
defendants the property which he was required by said con-
tract to deliver.    The trial court found that subsequent to
the execution of said contract, and within the time provided
for by said agreement, the plaintiff did not tender nor offer
to deliver to defendants the capital stock covered by the con-
tract, but that, on the contrary, at the time the contract
was entered into and at all times subsequent thereto, the
plaintiff did not own, have in his possession or control
480,000 shares of said capital stock or any shares whatsoever,
and that the plaintiff was not in a position to deliver to de-
fendants said number of shares or any number of shares of
said stock upon the date of the signing of the contract nor at
any time subsequent to the execution of the same; that the
plaintiff did not tender nor offer to deliver to any of the
defendants, within the time provided for by said contract, an
abstract of title to the property owned by the Alaska Gold
Dredging and Improvement Company, as provided for in
said contract.

Appellant attacks these findings as being unsupported by
the evidence.    We think, however, that his position is with-
out merit.    The evidence appearing in the record and the
possible inferences from the same which support these find-
ings are all with which we are concerned upon appeal.    The
contract provides for an abstract showing title, free and
clear of all encumbrances, in the Alaska Gold Dredging and
Improvement Company to all the property originally deeded
to said company by the Houston Hydraulic and Dredging
Company.    The purported abstract offered by plaintiff to the
defendants in compliance with his obligation under the con-
tract appears in the record, and, irrespective of the time at
which the document was furnished to the defendants, it in
no manner indicates what property was conveyed to the
Alaska Gold Dredging and Improvement Company by the
Houston Hydraulic and Dredging Company, nor whether the

mining claims enumerated in said document represent all or any part of such property. It is merely a purported copy from the official records of a mining district in the territory of Alaska of all instruments filed and of record affecting certain enumerated mining claims and water rights. Such instruments consist of affidavits of annual assessment work done by the Alaska Gold Dredging and Improvement Company and a statement that the records of said mining district show no judgments, suits pending, liens, or taxes outstanding against said mining claims and water rights. There is an affidavit by one Curtis R. Morford to the effect that he, personally, compiled the aforementioned instruments and that said compilation is a full and complete abstract of all instruments affecting said property appearing of record in the mining district.

Appellant meets this situation, however, by urging that the defendants did not object to the sufficiency of the abstract furnished, nor point out its alleged deficiencies and, consequently, they are precluded now from making any objections thereto, because of the provisions of section 2076 of the Code of Civil Procedure. [1] If appellant's position be correct there yet remains as an obstacle to his recovery the finding of the trial court that he never owned nor controlled the 480,000 shares of stock which he was to transfer to the defendants, and never at any time was in a position to deliver the same. The record contains evidence that prior to the execution of the contract between the parties the 480,000 shares of stock which had theretofore belonged to plaintiff had been sold by the sheriff at public auction in satisfaction of a judgment against Harlow and that Harlow never owned nor controlled any other stock.

The appellant meets this situation with an argument that because of the evidence in the record regarding the situation of the parties to the contract at the time it was entered into, the court should have interpreted the contract between them as calling upon the plaintiff to surrender not 480,000 shares of stock, but only whatever rights or interests in the same he might have been able to assert after the sheriff's sale. The interests which the appellant suggests are: That Harlow was in physical possession of the certificates of stock, after the interest which they represented had been sold at auction by the sheriff, and that he was in possession of the

corporate books, seals, and other records of the company; that the judgment against him under which the stock was sold by the sheriff had been obtained by default and at the time of the execution of the contract between plaintiff and defendants, plaintiff had a right to move to set said judgment aside; and, further, that the corporation owed him considerable money as salary. However valuable these various interests of the plaintiff might have been, the contract in express language provides that he is to sell to the defendants "all the capital stock of the Alaska Gold Dredging and Improvement Company owned by the party of the first part (plaintiff) . . . amounting to 480,000 shares, *together with* all claims, liens, sums due, demands and causes of action or otherwise which he may own, claim or possess or have against the said Alaska Gold Dredging and Improvement Company by reason of any matter or thing whatsoever."

It seems, therefore, that the most that can be said for the appellant, is that the court might have concluded from the evidence that the parties intended to contract for the sale of something other than what was expressly stated in the contract—that is, that they did not mean to contract for the sale of 480,000 shares of stock, together with all claims and liens of plaintiff against the company, but merely for the transfer of valueless certificates which no longer represented the property right in such shares of stock, and the claims and liens of plaintiff against the company. However, the court did not so conclude and surely the express language of the written contract raises a conflict in the evidence as to what was required to be delivered by the plaintiff, and consequently the findings of the trial court that the plaintiff was required to deliver 480,000 shares of stock which he never owned nor controlled after the execution of the contract may not be disturbed by us upon this appeal, and are conclusive of the rights of the parties in this action.

[2] The appellant complains of the ruling of the trial court in excluding the judgment-roll in a proceeding to revive the corporation, Alaska Gold Dredging and Improvement Company. The written contract between the plaintiff and defendants, which forms the basis of this action, provides: "And it is further understood and agreed that proceedings are now pending in the superior court of Sonoma County, California, for the appointment of trustees of said

Alaska Gold Dredging and Improvement Company, who shall make application to the state of California for the reinstatement of said corporation; and that if such reinstatement shall be impossible to be accomplished within thirty days from this date, without neglect upon the parties of the second part, or the agents of said company, that in that case, this agreement shall be extended for a period of thirty days from the expiration hereof.'' It is clear from the record that no attempt was made by plaintiff to furnish an abstract within thirty days from the date of the contract, which time would have expired on the eighteenth day of July, 1919. However, a receipt from the defendants for a purported abstract, bearing date of August 12, 1919, was introduced in evidence, and appellant now contends that the said judgment-roll in the reinstatement proceedings was relevant to prove that plaintiff was entitled to an additional thirty days within which to perform his obligations under the contract because of the pendency of proceedings for reinstatement of the corporation. The offer of this evidence was not made for this purpose, and had it been, the evidence might have been admitted without objection. On the contrary, when the attorney for the plaintiff was called upon by the court to state the purpose of the offered evidence, he stated a purpose which did not warrant the admission of the evidence and did not state the purpose which he now urges. However, even though we concede to the appellant that the ruling upon the admission of this evidence was error, such ruling could only be prejudicial if the judgment rested solely upon the failure of the plaintiff to perform his obligations under the contract within thirty days. But the record and findings go further and find that the plaintiff never did perform his obligations, neither within thirty nor sixty days from the date of the contract, nor up to the time of the bringing of the action. Therefore, the error, if any, of the trial court in refusing to admit the record in the proceedings for reinstatement of the corporation, could not be prejudicial to the appellant.

The judgment is affirmed.

Nourse, J., concurred.